IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40537
Summary Calendar
_____

ROBERT GRUNDY,

Plaintiff-Appellant,

versus

RONALD SCOTT; MARY CHOATE, Sheriff; UNKNOWN CAMPBELL, Lieutenant;
UNKNOWN MORGAN, Officer; UNKNOWN NEIGHBOR, Sergeant; UNKNOWN
MORTON, Sergeant; UNKNOWN YOUNG, Sergeant; UNKNOWN PRINCE,
Sergeant; JEREMY JOHNSON, Officer; TODD GONODIN, Officer; UNKNOWN
WILLIS, Colonel; BURGHT T. BRANDEN, Colonel; UNKNOWN SWIFT,
Colonel; UNKNOWN BROWN, Colonel; UNKNOWN WILLIAMS, Colonel;
UNKNOWN JOHNSON, Colonel; UNKNOWN NEWHEART, Officer; UNKNOWN
REEVES, Officer; JOHN UNKNOWN DOE; JIMMY UNKNOWN, Officer; JOHN
UNKNOWN DOE, Sergeant,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:96-CV-227
--------------------
February 10, 2000

Before JONES, DUHÉ, and STEWART, Circuit Judges.

PER CURIAM:[1]

Robert Grundy, TDCJ #99054, appeals the dismissal of his pro

se 42 U.S.C. § 1983 action for failure to state a claim against

Sheriff Mary Choate, Warden Ron Scott, Officer Campbell, and

Officer Morgan, and failure to prosecute his claim against the

remaining defendants.  See Fed. R. Civ. P. 12(b), 41(b).  Grundy

_____

[1]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

argues that the district court improperly dismissed Sheriff Choate, Warden Scott, Officer Campbell, and Officer Morgan because he stated a claim against them. Grundy contends that Sheriff Choate and Warden Scott should be held vicariously liable for the actions of officers under their supervision. Grundy contends that Officer Campbell should be liable for the loss of Grundy's property because Officer Campbell failed to provide a lock to secure Grundy's possessions. Grundy contends that Officer Morgan should be liable because Morgan instigated the first assault and Morgan actually beat him in a second assault.

Grundy has failed to state a claim against Sheriff Choate and Warden Scott because supervisory officers cannot be held liable under § 1983 for the actions of subordinates on a theory of vicarious liability. See Alton v. Texas A & M Univ., 168 F.3d 196, 200 (5th Cir. 1999). Grundy has failed to state a claim against Officer Campbell because an adequate state post-deprivation remedy exists and the deprivation of property caused by Officer Campbell did not infringe Grundy's constitutional rights. See Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994). Grundy has failed to state a claim in his original petition against Officer Morgan because he did not allege any physical injury caused by Officer Morgan. See Gomez v. Chandler, 163 F.3d 921, 923 (5th Cir. 1999)(physical injury is an indispensable element of an excessive force claim). Grundy may not raise, for the first time on appeal, the claim that Officer Morgan actually assaulted him. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir.), petition for cert. filed, 68 U.S.L.W. 3367 (U.S. Nov. 24, 1999)(No.

99-884).  Grundy cannot prove any set of facts in support of his claim which would entitle him to relief, and his claims against Choate, Scott, Campbell, and Morgan were properly dismissed under Rule 12(b).  See Hall v. Thomas, 190 F.3d 693, 695 (5th Cir. 1999).

Grundy has waived the issue of whether the district court properly dismissed his remaining claims for failure to prosecute because he did not brief the issue until his reply brief.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993)(issues not briefed are waived); United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989)(issues raised for the first time in a reply brief will not be considered).

Accordingly, judgment of the district court is AFFIRMED.