IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-30469
Summary Calendar
_____

STEVEN BANNISTER,

Plaintiff-Appellant,

versus

RAYBURN DEVILLE, Lieutenant;
DOUGLAS W. ENNIS, Lieutenant;
BURL CAIN, Warden, Louisiana
Penitentiary; RICHARD L. STALDER,
Secretary, Department of Public
Safety & Corrections; KAREN ROSS,
Major,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Middle District of Louisiana
USDC No. 98-CV-68-C
_____

March 20, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Steven Bannister, Louisiana state prisoner #100917, argues
that the district court erred in granting the defendants' motion to
dismiss his § 1983 complaint.

Bannister argues that he was deprived of his First Amendment
right to exercise his religion as a result of the defendants'
taking disciplinary action against him because he refused to

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

voluntarily submit to a haircut. He argues that there was no prison policy requiring him to do so.

Because the district court considered evidence outside of Bannister's pleadings in addressing this claim, the district court's ruling must be considered as a grant of summary judgment. See Balogun v. INS, 9 F.3d 347, 352 (5th Cir, 1993).

The records presented by the defendants established that the prison had a policy against inmates wearing their hair long because it presented a security risk and also showed that Bannister was aware of such policy. A prison grooming policy that prohibits inmates from wearing long hair has been found to be rationally related to achieving the penological goal of security and, thus, constitutional although the policy impinged on an inmate's First Amendment right to practice his religion. See Powell v. Estelle, 959 F.2d 22, 26 (5th Cir. 1992). The district court did not err in granting summary judgment resulting in the dismissal of Bannister's First Amendment claim.

Bannister also argues that the defendant Deville made racial comments and verbal threats against him after Bannister refused to comply with the order to cut his hair. A complaint of verbal and discriminatory threats by a prison guard does not state an arguable constitutional claim. See McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983). This claim has no arguable merit.

Bannister also argues that he was denied due process during his disciplinary proceedings because he was not provided with a

written statement of the disciplinary committee's ruling in his case.

Because the district court stated that it was granting the defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss, this claim is reviewed under the standards applicable to that rule. A motion to dismiss is subject to de novo review and should be granted only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Hall v. Thomas, 190 F.3d 693, 696 (5th Cir. 1999).

Bannister has not alleged that he lost any good-time credits as a result of the disciplinary action but merely complains that he was transferred to an extended lockdown facility where he was not entitled to the privileges enjoyed by the general population.

Bannister's placement in Camp J did not constitute a deprivation of a constitutionally cognizable liberty interest that entitled him to procedural due process during the disciplinary proceedings. See Sandin v. Conner, 515 U.S. 472, 484-87 (1995). Thus, the district court did not err in dismissing this claim for failure to state a claim upon which relief can be granted.

Bannister argues for the first time on appeal that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment because he was transferred to an extended lockdown facility and deprived of the privileges accorded to the general prison population.

Because Bannister's Eighth Amendment claim does not involve a purely legal issue, it is not subject to review on appeal. <u>See</u> <u>Varnado v. Lynaugh</u>, 920 F.2d 320-21 (5th Cir. 1991).

Bannister's motion for the appointment of counsel is DENIED. <u>See</u> <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 212 (5th Cir. 1982).

A F F I R M E D.

4