## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT
_____

### No. 99-30225
### Summary Calendar
_____

**RICHARD MCKEATHEN,**

**Plaintiff-Appellant,**

**versus**

**RICHARD L. STALDER, ET AL.,**

**Defendants,**

**WILLIAM MIKE GILLIAM, Warden; MIKE PHILLIPS;
AMANDA MOORE; MARCELL MILLS,**

**Defendants-Appellees.**
_____

### Appeal from the United States District Court
### for the Western District of Louisiana
### (95-CV-1297)
_____

### March 28, 2000

Before SMITH, BARKSDALE and PARKER, Circuit Judges.

PER CURIAM:[*]

Richard McKeathen appeals the dismissal of his claims under 42 U.S.C. § 1983 for deliberate indifference to his serious medical needs, and under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131 and 12132, stemming from his incarceration from November 1994 to November 1996 at the Winn Correctional Center in Winnfield, Louisiana. The district court, *sua sponte*, dismissed his ADA claim *without* prejudice under FED. R.

_____

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

CIV. P. 12(b)(6), and, adopting the magistrate judge's recommendation, dismissed his § 1983 claims on the merits.

We review *de novo* dismissal under Rule 12(b)(6). *E.g., **Lowrey v. Texas A & M Univ. Sys.***, 117 F.3d 242, 246-47 (5th Cir. 1997). The court determined that the *only* extant ADA claim was that asserted against Phillips, and McKeathen has *not* appealed that specific ruling.

Because McKeathen did not allege that Phillips's "specific, individual conduct discriminated against him because of his disability", the court did not err in determining he failed to state a claim under the ADA. ***Hall v. Thomas***, 190 F.3d 693, 696 (5th Cir. 1999). Neither did it err in not providing McKeathen notice and an opportunity to amend prior to dismissing the claim: it may be surmised that McKeathen alleged his best case in his "Second Supplemental and Amended Complaint", filed by counsel, and, the dismissal was *without* prejudice. ***Bazrowx v. Scott***, 136 F.3d 1053, 1054 (5th Cir. 1998).

As for McKeathen's Eighth Amendment claims, we review factual findings for clear error; legal conclusions, *de novo*. ***Seal v. Knorpp***, 957 F.2d 1230, 1234 (5th Cir. 1992). Based on our review of the record, and essentially for the reasons stated by the magistrate judge in his report and recommendation, we agree with the determination that McKeathen failed to prove that defendants either were deliberately indifferent to his serious medical needs, or deprived him of the minimal civilized measure of life's necessities. *See **Farmer v. Brennan***, 511 U.S. 825, 834 (1994);

- 2 -

*Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  *McKeathen v. Stalder*, No. 95-1297 (W.D. La. Feb. 10, 1999); *McKeathen v. Stalder*, No. 95-1297 (W.D. La. Oct. 27, 1998).

*AFFIRMED*