In the
United States Court of Appeals
For the Seventh Circuit

No. 98-3308

John Walker,

Plaintiff-Appellant,

v.

Donald N. Snyder Jr., Director, Illinois Department
of Corrections, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 96 C 469--Blanche M. Manning, Judge.

Submitted February 18, 2000--Decided May 16, 2000

Before Bauer, Easterbrook, and Ripple, Circuit Judges.

Easterbrook, Circuit Judge.  John Walker has no
vision in his right eye and poor vision in his
left--though with corrective lenses, bright
light, and concentration he can read. Since 1993
Walker has been imprisoned by Illinois for
residential burglary, and he wants the state to
accommodate his condition in several ways: books
on tape, a brightly lit cell to himself (so that
he can read better and does not have to worry
about a cellmate put out of sorts by having to
tolerate his disability), and transfer to a less
restrictive prison. According to Walker, Title II
of the Americans with Disabilities Act, 42 U.S.C.
sec.sec. 12131-65, requires Illinois to provide
these accommodations. His suit initially included
arguments under the eighth amendment and 42
U.S.C. sec.1983, but these were dismissed by the
district court and are not developed in Walker's
appellate brief. We therefore treat Walker's
claim as arising wholly under the ADA.

At the time Walker filed suit, Illinois was not
providing books on tape. The district court
concluded that this violated the Act but held
that the defendants need not pay damages because,
until Pennsylvania Department of Corrections v.
Yeskey, 524 U.S. 206 (1998), and Crawford v.
Indiana Department of Corrections, 115 F.3d 481
(7th Cir. 1997), application of the ADA to

prisoners was open to question. Consequently, the district court held, the defendants are entitled to qualified immunity. Because prison officials now provide Walker with audio books, he is not entitled to prospective relief on that subject, the court concluded. Walker continues to seek not only a better placement within the prison system but also free equipment to play the books. Illinois loaned Walker a tape player, but it required him to promise to reimburse the state if either the tapes or the player should be lost or damaged. Walker believes that this violates the ADA, but the district judge disagreed. According to the court, Walker's remaining claims are legally insufficient, so the court dismissed the complaint for failure to state a claim on which relief may be granted. 1998 U.S. Dist. Lexis 9128 (N.D. Ill. June 9, 1998).

The district court's conclusion that legal uncertainty prevents an award of damages for a violation of the ADA is incorrect. Although several decisions have held or assumed that individual defendants are entitled to qualified immunity in ADA litigation, see, e.g., Hall v. Thomas, 190 F.3d 693, 696-97 (5th Cir. 1999); Key v. Grayson, 179 F.3d 996, 999-1000 (6th Cir. 1999), none of these opinions considered whether natural persons are proper defendants in the first place. (What is more, none of these decisions discussed whether it is sound to extend immunity principles from litigation under 42 U.S.C. sec.1983 to suits under more recent, and more detailed, laws. We, too, can avoid addressing that question.)

Qualified immunity is a personal defense, which does not apply to institutional defendants in suits under federal statutes. Owen v. Independence, 445 U.S. 622 (1980). In suits under Title II of the ADA, as under many other federal anti-discrimination laws, such as Title VII and the ADEA, the proper defendant usually is an organization rather than a natural person. Under Title II of the ADA, which forbids discrimination by "any public entity", 42 U.S.C. sec.12131, the proper defendant is that "entity." Although Walker did not name the state's Department of Corrections as a defendant, he did name its director, who stands in for the agency he manages. The director and all of the other defendants must have been sued in their official capacities--that is, as proxies for the state, Will v. Michigan Department of State Police, 491 U.S. 58 (1989); Kentucky v. Graham, 473 U.S. 159 (1985)--rather than their individual capacities, because the ADA addresses its rules to employers, places of public accommodation, and other organizations, not to the employees or managers of these organizations. Silk v. Chicago, 194 F.3d

788, 797 n.5 (7th Cir. 1999), holds that there is no personal liability under Title I of the ADA. Although we have not previously extended this conclusion to Title II, see Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996), the relevant text of the ADA does not draw any distinction for the purpose of identifying the appropriate defendants. Thus we agree with Alsbrook v. Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (en banc), that as a rule there is no personal liability under Title II either. (We have therefore substituted Donald Snyder, the current director, for his predecessor Odie Washington. See Fed. R. App. P. 43(c)(2).) Perhaps some sections of the ADA other than the ones involved here allow personal liability; it is a complex statute, with several titles, and it would be foolish for a court to declare a priori that none of its many rules is exceptional. In the main, however, and in this case, institutional liability is exclusive, so qualified immunity is unavailable.

Because defendants have been sued and could be liable only in their official capacities, we must consider their argument that the eleventh amendment closes the doors of the federal courts--not only to monetary awards but also to prospective relief, for Ex parte Young, 209 U.S. 123 (1908), does not apply in an official-capacity suit. Cf. Seminole Tribe v. Florida, 517 U.S. 44, 73-76 (1996). Although the commerce clause gives Congress ample authority to enact the ADA, legislation based only on the commerce clause does not subject states to private litigation in federal court. Legislation based in sec.5 of the fourteenth amendment, by contrast, supports private litigation. Fitzpatrick v. Bitzer, 427 U.S. 445 (1976).

In the wake of Kimel v. Florida Board of Regents, 120 S. Ct. 631 (2000), we have held that sec.5 does not afford Congress the authority to enact Title I of the ADA. Erickson v. Board of Governors for Northeastern Illinois University, 207 F.3d 945 (7th Cir. 2000); Stevens v. Illinois Department of Transportation, No. 98-3550 (7th Cir. Apr. 11, 2000). Our opinion in Erickson reserved questions concerning other titles of the ADA, which potentially have different scope. But Walker's claim falls squarely within both Erickson's and Stevens's reasoning, for those cases concluded that Title I of the ADA cannot be based on sec.5 to the extent that it requires accommodation of disabilities (rather than simply requiring the state to disregard disabilities) and to the extent that it forbids a state to take account of disabilities that are rationally related to permissible objects of public action. Walker wants Illinois to accommodate rather than

ignore his disability. He does not contend (and could not reasonably contend) that it is irrational for a state to ask for repayment if loaned property is lost or damaged, or to put a prisoner in a two-person cell. Walker's claim therefore must be pursued in state court.

The judgment of the district court is vacated, and the case is remanded with instructions to dismiss the ADA claim, without prejudice, for want of jurisdiction.