# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT
_____

## No. 99-11358
## Summary Calendar
_____

### LARRY EUGENE SMITH,

Plaintiff-Appellant,

### versus

### BILL LONG, District Clerk
### Dallas County Texas,

Defendant-Appellee.

_____

### Appeal from the United States District Court
### for the Northern District of Texas
### (3:99-CV-7-P)
_____
#### July 7, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

At issue is the FED. R. CIV. P. 12(b)(6) dismissal of the 42 U.S.C. § 1983 complaint of Larry Eugene Smith against Bill Long, in his official capacity as District Clerk of Dallas County, Texas.

Smith alleged that: his unsuccessful attempts to purchase a complete statement of facts from the county clerk's office resulted from discriminatory treatment; and without the statement of facts, he was unable to prepare a habeas application and therefore denied access to the courts.

A Rule 12(b)(6) dismissal for failure to state a claim is reviewed *de novo*. *E.g., **Hall v. Thomas***, 190 F.3d 693, 696 (5th

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 1999).  The complaint is construed liberally in plaintiff's favor and the dismissal may be upheld only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief".  *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The district court, considering Smith's complaint and his answers to the magistrate judge's subsequent questionnaire, in the light most favorable to Smith, concluded Smith did *not* adequately "allege discriminatory intent or ... deliberate or intentional conduct" that would invoke § 1983.  *Smith v. District Clerk of Dallas County*, No. 3:99-CV-0007-P, slip op. at 3-4 (N.D. Tex. 1 Nov. 1999).  We agree.

*AFFIRMED*