UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20987
Summary Calendar

_____

LARRY DEAN MARTIN,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE;
UNIVERSITY OF TEXAS MEDICAL BRANCH;
MARY MOSLEY, Physician Assistant;
B. M. VINCENT, M.D.; JESSE FRANKLIN,
PHOP Coordinator,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-99-CV-4113)
_____

June 29, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Larry Dean Martin, a Texas prisoner (# 456343), appeals, *pro se*, the district court's order dismissing his *in forma pauperis* and *pro se* 42 U.S.C. § 1983 civil rights action. Martin also made claims under the Americans with Disabilities Act (ADA). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the dismissal was based upon the failure to state a claim upon which relief may be granted. And,

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should *not* be published and is *not* precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the dismissal followed a hearing pursuant to **Spears v. McCotter**, 766 F.2d 179 (5th Cir. 1985).

Martin has failed to challenge the district court's implicit conclusion that any civil rights claims concerning the period prior to 17 November 1997 — two years before he submitted his complaint for mailing — were barred by the applicable two-year Texas statute of limitations for personal injury. See TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 1999); **Owens v. Okure**, 488 U.S. 235, 251 (1989); **Brinkmann v. Dallas County Deputy Sheriff Abner**, 813 F.2d 744, 748 (5th Cir. 1987). Almost all of the incidents at issue occurred before 17 November 1997. As for the few incidents concerning the period after 17 November 1997, Martin has failed to show that the district court erred in concluding he had failed to state a claim upon which relief could be granted. **Berry v. Brady**, 192 F.3d 504, 507 (5th Cir. 1999); see **Woods v. Edwards**, 51 F.3d 577, 583 (5th Cir. 1995) (to establish § 1983 claim, "plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged"). And, although state prisons are subject to the ADA, see **Hall v. Thomas**, 190 F.3d 693, 696 (5th Cir. 1999), Martin has made *no* serious effort to satisfy its statutory elements. *See* 42 U.S.C. § 12102(2).

The district court did *not* abuse its discretion by failing to solicit an amendment to Martin's complaint, because Martin has had

2

sufficient opportunities to plead his case. *See* **Jacquez v. Procunier**, 801 F.2d 789, 793 (5th Cir. 1986). The district court also did *not* clearly abuse its discretion in failing to appoint Martin an attorney. *See* **Cupit v. Jones**, 835 F.2d 82, 86 (5th Cir. 1987).

The district court's dismissal of Martin's complaint counts as one "strike" for purposes of 28 U.S.C. § 1915(g). *See* **Adepegba v. Hammons**, 103 F.3d 383, 387 (5th Cir. 1996). Martin is cautioned that, once he accumulates three strikes, he may *not* proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility, *unless* he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

***AFFIRMED***