# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 01-10202
Summary Calendar

GORDON STANLEY CLARK;
MICHAEL JONATHAN CARLSON,

                                        Plaintiffs-Appellants,

versus

LESLIE WOODS; VICKI IVEY;
EARL FOX; GARY JOHNSON,

                                        Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:99-CV-173-R

October 25, 2001

Before POLITZ, WIENER and PARKER, Circuit Judges.

PER CURIAM:[*]

    Gordon Clark and Michael Carlson, Texas prisoner #328076, appeal an

adverse grant of summary judgment, contending that the district court erred in

several respects in granting same.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

We review summary-judgment decisions de novo, applying the same test as the district court.[1]

Plaintiffs contend that summary judgment is inappropriate because genuine issues of material fact remain whether Warden Fox made the decision to discontinue contact visits. The competent summary-judgment evidence, however, clearly establishes that Warden Cox alone made the decision to rescind these visits.

Plaintiffs further contend that the district court erred in its determination that to succeed on their retaliation claim a constitutional right or liberty interest must be at issue. To state a claim of retaliation an inmate must: (1) allege the violation of a specific constitutional right, and (2) establish that but for the retaliatory motive the complained of incident would not have occurred.[2] The district court correctly stated the law. Further, plaintiffs cannot succeed on their retaliation claim because they have adduced no competent summary judgment evidence establishing that their contact-visit privileges were suspended for any reason other than prison security.

Plaintiffs also maintain that the defendants are not entitled to immunity under the eleventh amendment for their American's with Disabilities Act and Rehabilitation Act claims, and, therefore, the district court erred in determining that they were entitled to qualified immunity. Plaintiffs confuse sovereign immunity with qualified immunity, which we have held applicable to both ADA and Rehabilitation Act claims.[3]

---

[1]Skotak v. Tenneco Resins, Inc., 953 F.2d 909 (5th Cir. 1992).

[2]Woods v. Smith, 60 F.3d 1161 (5th Cir. 1995).

[3]Hall v. Thomas, 190 F.3d 693 (5th Cir. 1999) (ADA); McGregor v. La. State Univ. Bd. of Supervisors, 3 F.3d 850 (5th Cir. 1993) (Rehabilitation Act).

For the first time on appeal, plaintiffs submit that Carlson was retaliated against by prison officials for his participation in this lawsuit when he was transferred to the Stiles Unit and when he was denied parole on false grounds. These arguments are raised for the first time on appeal. We lack jurisdiction to consider same.[4]

Plaintiffs raise the following issues for the first time in their reply brief: (1) the district court erred in denying their access-to-the-courts claim on the basis that they were not prevented from litigating this case, when, in fact, the claim was based on alleged retaliatory conduct; and (2) they were denied their rights to due process and equal protection because the defendants refused to disclose the nature of the alleged security threat. Arguments raised for the first time in a reply brief are not considered.[5]

Plaintiffs finally contend that the district court erred when it denied them an opportunity to conduct discovery and to amend their complaint relative to whether the prison's visitor program received or benefitted from federal funds for purposes of their Rehabilitation Act claim. This contention lacks merit. Even if plaintiffs could establish the requisite federal-funding nexus, they have adduced no evidence whatsoever demonstrating that contact visitation privileges were suspended for reasons other than institutional security.

---

[4]Leverette v. Louisville Ladder Co., 183 F.3d 339 (5th Cir. 1999), cert. denied, 528 U.S. 1138 (2000).

[5]Taita Chem. Co. v. Westlake Styrene Corp., 246 F.3d 377 (5th Cir. 2001) (appellant cannot preserve error on claims through a reply brief); Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256 (5th Cir. 1995).

Plaintiffs have moved to strike the appellees' letter brief. That motion is DENIED.

The judgment of the district court is AFFIRMED.