IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40386
Summary Calendar
_____


WALTER D. MOSHER,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE; DAVID L. STACKS; GARY J.
GOMEZ, Warden; WAYNE SCOTT; VANESSA SINEGUARE, formerly
known as Vanessa Boyd,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-98-CV-318
--------------------
November 20, 2001

Before DUHÉ, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Walter D. Mosher, Texas prisoner # 695510, appeals the
district court's order granting summary judgment in favor of the
defendants in Mosher's action under Title II of the Americans with
Disabilities Act (ADA), 42 U.S.C. § 12132 and 42 U.S.C. § 1983.
Mosher alleged that the defendants denied his request for a change
in his custodial classification because he has Bipolar I Disorder.
Mosher argues that the district court erred in holding that he was
not disabled under the ADA.  Because Mosher's bipolar disorder is

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

corrected by medication, his mental impairment does not substantially limit his major life activities and, therefore, does not constitute a disability under the ADA. See Sutton v. United Air Lines, Inc., 527 U.S. 471, 482-83 (1999). Mosher also has not shown that the defendants denied his request for a change in his custodial classification because they mistakenly regarded him as having more of an impairment than he actually had. See Dupre v. Charter Behavioral Health Systems of Lafayette Inc., 242 F.3d 610, 615 (5th Cir. 2001). Because Mosher has not shown that the defendants discriminated against him based on his bipolar disorder, the court need not consider whether the defendants are entitled to qualified immunity. See Hall v. Thomas, 190 F.3d 693, 696-97 (5th Cir. 1999). Mosher also has not shown that the district court erred in not providing him with a copy of the magistrate judge's report and recommendation as such a report was not prepared in this case.

Mosher also argues that the district court erred in denying his claim that the defendants violated his substantive and procedural due process rights in denying his classification request. Because Mosher does not have a constitutionally protected liberty interest in his custodial classification or in the reduction in his future ability to earn good-time credits, the district court did not err in denying his due process claim. See Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995); Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir. 1988).

AFFIRMED.