IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20584
Conference Calendar
_____


ARCADE JOSEPH COMEAUX, JR.,

                                        Plaintiff-Appellant,

versus

MACKWANI, Unknown First Name; DR. LARRY
LARGENT; DR. NAIK; DANIEL C. MAYER;
DR. DIMAUNAHAN; PHILLIP PERRY, Lieutenant,

                                        Defendants-Appellees.
--------------------------------------
ARCADE JOSEPH COMEAUX, JR.,

                                        Plaintiff-Appellant,

versus

RICK THALER,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. H-00-CV-3812 & H-01-CV-1411
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Arcade Joseph Comeaux, a Texas prisoner (# 841331), appeals
the district court's April 26, 2001, order in which the court
denied Comeaux's April 16, 2001, motion for a temporary

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

restraining order ("TRO") and other injunctive relief.  In an earlier order, this court denied appellee Dr. Kokila Naik's motion to dismiss the appeal for lack of jurisdiction.

In his appellate brief, Comeaux sets forth arguments on issues that are unrelated to the issues raised in and related to his April 16, 2001, motion for injunctive relief.  This court has jurisdiction to review only the judgments or parts thereof to which Comeaux's notice of appeal explicitly refers.  See FED. R. APP. P. 3(c)(1); Lockett v. Anderson, 230 F.3d 695, 699-700 (5th Cir. 2000).  The April 26, 2001, order denying his April 16, 2001, motion is the only order that Comeaux has validly appealed.  By failing to brief the only issues over which this court has jurisdiction, Comeaux has waived those issues.  See Hall v. Thomas, 190 F.3d 693, 697 n.2 (5th Cir. 1999) (citing Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993)); FED. R. APP. P. 28(a)(9).  Comeaux raises issues relating to the denial of his April 16, 2001, motion only in his reply brief, but this court does not consider issues raised for the first time in a reply brief.  See Price v. Roark, 256 F.3d 364, 369 n.2 (5th Cir. 2001).

Comeaux's appeal is without arguable merit and is thus frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Accordingly, the appeal is DISMISSED.  See 5TH CIR. R. 42.2.  The dismissal of this appeal as frivolous counts as a "strike" pursuant to 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Comeaux is hereby warned that, should he accumulate three strikes under 28 U.S.C.

§ 1915(g), he will thereafter be barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

Comeaux's "Motion for Emergency Restraining Order," his "Advisory to the Court and Motion for Help," and "Motion Asking the Court to Review and Consider Recent Material Evidence" are DENIED. See FED. R. APP. P. 8(a).

All other outstanding motions are DENIED.

DISMISSED; MOTIONS DENIED.