**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 19, 2007**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 06-51643
SUMMARY CALENDAR

———————————————

FRED VILLANUEVA,
AS NEXT FRIEND OF MARISA VILLANUEVA, A MINOR,

Plaintiff-Appellant,

versus

SAN MARCOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT;
DYANNA EASTWOOD, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY,

Defendants-Appellees.

———————————————

Appeal from the United States District Court
for the Western District of Texas, Austin Division
Case No. 1:05-CV-445

———————————————

Before JONES, Chief Judge, and HIGGINBOTHAM, and SMITH, Circuit
Judges.

PER CURIAM:[*]

Fred Villanueva ("Villanueva") brings this civil-rights
action under 42 U.S.C. § 1983 as next friend of his teenage
daughter Marisa Villanueva, asserting that Dyanna Eastwood
("Eastwood"), a nurse employed by the San Marcos Consolidated
Independent School District ("SMCISD"),[1] violated the Fourth and

———————————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]Villanueva does not challenge the district court's summary
judgment grant to SMCISD in this appeal.

Fourteenth Amendments by requiring his daughter to submit a urine sample for pregnancy testing. Finding that Villanueva failed to present competent summary judgment proof that Eastwood's actions were objectively unreasonable in light of clearly established law at the time of the incident, the district court granted summary judgment to Appellees and dismissed all claims. We affirm.

The record evidence reveals — and the litigants agree — that Eastwood summoned Marisa to the school infirmary after being informed by Marisa's boyfriend and another student that they both had had sexual intercourse with her recently and believed she was pregnant. Marisa denied being pregnant but admitted to having missed her most recent menstrual period. And Marisa admits she did not object to taking the test. In her deposition testimony, however, Marisa stated that, "I felt forced to take [the pregnancy test] so I took it. I didn't want to say 'no' because I didn't know what was going to happen if I said 'no.'" She recalled fearing she "was going to get in trouble" if she refused. Eastwood, in contrast, contends that she did not force Marisa to be tested, but instead "asked what [Marisa] wanted to do at this point, [stating] that it was up to her, and she could wait and see [if she was pregnant] . . . [a]nd I said . . . 'It's your call.'" Villanueva does not dispute Eastwood's testimony. Ultimately, Marisa agreed to take the test and submitted a urine sample that revealed she was not pregnant.

Viewing the record evidence in the light most favorable to Villanueva, see Lincoln Gen. Ins. Co. v. Aisha's Learning Center, 468 F.3d 857, 858 (5th Cir. 2006), we agree with the district court that Appellant has failed to create a genuine issue of material fact that Eastwood's actions were objectively unreasonable and that she tested Marisa in violation of her constitutional rights. Villanueva bears the burden of proving that Eastwood is not entitled to qualified immunity. McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002) (en banc). In order to overcome the qualified immunity defense, Villanueva must allege that Eastwood violated a clearly established constitutional right and that her behavior was objectively unreasonable in light of clearly established law at the time the incident transpired. Easter v. Powell, 467 F.3d 459, 462 (5th Cir. 2006) (per curiam). A defendant's behavior cannot be deemed objectively unreasonable unless all reasonable officials in her position and facing similar circumstances would have known such behavior to violate the Constitution or an applicable federal statute. See Felton v. Polles, 315 F.3d 470, 477 (5th Cir. 2002).

Contrary to Villanueva's allegation that Eastwood harangued his unwilling daughter into submitting a urine sample, the record contains no evidence of coercion on Eastwood's part or any indication that Marisa did not voluntarily consent to testing. Even assuming arguendo that Eastwood's administration of the pregnancy test violated a clearly established constitutional right,

there is no record evidence to suggest that Eastwood's behavior was unreasonable, that Marisa's decision was coerced, or that Eastwood threatened or intimidated Marisa into submitting to the test. Marisa's subjective belief that she was required to be tested and her unsubstantiated speculation that a refusal could result in adverse consequences do not constitute competent summary judgment evidence.  See Hugh Symons Group, plc v. Motorola, Inc., 292 F.3d 466, 468 (5th Cir. 2002); Hall v. Thomas, 190 F.3d 693, 698 (5th Cir. 1999).[2]

After a careful review of the parties' briefs and pertinent record evidence, we find no reversible error of law or fact by the district court.  We therefore AFFIRM the district court's grant of summary judgment to Eastwood and SMCISD.

**AFFIRMED.**

---

[2]Notwithstanding that Eastwood is entitled to qualified immunity, it is also plain that this controversy might have been averted had Eastwood or Dr. Kelly convened a meeting with Marisa's parents at the outset, rather than allowing them to learn after the fact about the pregnancy test and Eastwood's encouraging Marisa to go on birth control pills at the age of fifteen.