# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2007

Charles R. Fulbruge III
Clerk

No. 06-10173
Conference Calendar

LEWIS L HOLLIE

Plaintiff-Appellant

v.

ROBERT EASON, Warden, Price Daniel Unit; STEPHEN E BROWN, Lieutenant, Price Daniel Unit; DENNIS HERRON, Major, Price Daniel Unit; KYLE A HERRLEY, Captain, Price Daniel Unit; THEREASE A KILDOW, Sergeant, Price Daniel Unit; DON JENKINS, Sergeant, Price Daniel Unit

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:05-CV-172

Before JOLLY, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Lewis L. Hollie, Texas prisoner # 890306, proceeding pro se and in forma pauperis, appeals the district court's dismissal as frivolous of his 42 U.S.C. § 1983 complaint. After conducting a hearing pursuant to Spears v. McCotter,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

766 F.2d 179 (5th Cir. 1985), the district court concluded that Hollie's claims lacked an arguable basis in fact or law.

Hollie reasserts the factual allegation that he raised in his district court complaint and at the Spears hearing, contending that defendant Therease A. Kildow ignored his slow eating pass on May 10, 2005, when she ordered him to stop eating. Hollie disregarded the order and finished eating. He contends that the other defendants violated his constitutional rights by failing to intervene in the incident.

Hollie's complaint lacks an arguable basis in law; the facts alleged cannot establish that Hollie was deprived of the minimal civilized measure of life's necessities and thus were not a violation of his Eighth Amendment rights. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). Additionally, Hollie now asserts that he is pursuing claims under the Americans With Disabilities Act (ADA). He did not raise this claim in the district court. Hollie's conclusional assertions do not set forth a claim for violation of the ADA. See 42 U.S.C. § 12101; Hall v. Thomas, 190 F.3d 693, 696 (1999).

Hollie's appeal is frivolous and is therefore dismissed. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. His motion for appointment of counsel is denied.

The dismissal of this appeal and the district court's dismissal count as two strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Hollie is warned that if he accumulates three strikes he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; MOTION DENIED; SANCTION WARNING ISSUED.