# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

―――――

No. 18-40644
Summary Calendar

―――――

United States Court of Appeals
Fifth Circuit

**FILED**
June 7, 2019

Lyle W. Cayce
Clerk

JACKIE LEE BOYD,

Plaintiff-Appellant

v.

CAROL MONROE; LANA BRUNETT; GWENDOLYN FULLER; SARAH COOK; CHAD MOORE,

Defendants-Appellees

―――――――――――――――

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:17-CV-649

―――――――――――――――

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Jackie Lee Boyd, Texas prisoner # 1263639, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil suit for failure to state a claim upon which relief could be granted. In his complaint, Boyd alleged that the defendants were deliberately indifferent to his serious medical needs because they refused to escort him to the infirmary on several occasions to receive his

―――――――――――――――

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

anti-depression medications and, as a result, he had suicidal thoughts and tried to hang himself. Boyd's motions to supplement his brief and to place his brief under seal are GRANTED.

We review the dismissal of a complaint for failure to state a claim de novo. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). Boyd does not challenge the district court's determination that the defendants could not be liable under the doctrine of vicarious liability or respondeat superior. Accordingly, Boyd has abandoned his claims to the extent they rely on the theory of vicarious liability. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Regarding his deliberate indifference claims, Boyd does not allege facts that establish that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks and citation omitted). Boyd's allegations that he did not receive all the prescribed doses of his medications, at most, demonstrate negligence. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999); *Mayweather v. Foti*, 958 F.2d 91, 91-92 (5th Cir. 1992). Mere negligence is not sufficient to support a claim for deliberate indifference. *See Gobert*, 463 F.3d at 346.

Boyd complains that the district court relied on inaccurate information in dismissing his complaint. However, the court explicitly stated that it would not consider those statements that Boyd represented were erroneous. Thus, contrary to Boyd's assertion, the district court did not rely on any untrue information. Accordingly, the district court properly determined that Boyd failed to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

No. 18-40644

The district court's dismissal of Boyd's § 1983 complaint pursuant to 28 U.S.C. § 1915A counts as a strike for purposes of § 1915(g). *See Brown v. Megg,* 857 F.3d 287, 290-92 (5th Cir. 2017); *Adepegba v. Hammons,* 103 F.3d 383, 385-87 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson,* 135 S. Ct. 1759, 1762-63 (2015). Boyd is CAUTIONED that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; MOTIONS GRANTED; SANCTION WARNING ISSUED.