**Terry Lee TAYLOR, Plaintiff,**

v.

**Dr. BARNETT, Defendant.**

**No. Civ.A. 98–827–AM.**

United States District Court,
E.D. Virginia,
Alexandria Division.

July 17, 2000.

Terry Lee Taylor, Staunton, VA, plaintiff pro se.

Heather M. Kofron, Wright, Robinson, Osthimer & Tatum, Richmond, VA, for defendant.

## MEMORANDUM OPINION

BRINKEMA, District Judge.

Plaintiff, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983, alleging that defendant violated his Eighth Amendment right to adequate medical care. Now before the Court is defendant's Motion to Dismiss and plaintiff's Motion for Plaintiff's Institutional Medical Records. After being notified of the potentially dispositive nature of this motion, plaintiff filed responsive materials. Therefore, this matter is ripe for adjudication. For the reasons that follow, plaintiff's Motion for Plaintiff's Institutional Medical Records will be granted, defendant's Motion to Dismiss will be denied, and defendant will be directed to provide additional information.

### I.

The basic undisputed facts are straightforward. Plaintiff, an inmate incarcerated at the Lawrenceville Correctional Facility, suffers from AIDS. On April 28, 1998, defendant, a medical doctor at Lawrenceville, ordered a change in plaintiff's medication without notifying plaintiff. The medication caused plaintiff to suffer from side effects, including rashes, drowsiness, discolored urine, numbness in his feet, loss of appetite and mental stress. According to his complaint, this action has caused plaintiff serious injury because his "life expectancy has been greatly shorten[ed]." Furthermore, plaintiff describes this behavior as cost-motivated and criminally negligent. Plaintiff avers that he attempted to file several grievances, as required by Virginia Department of Corrections ("VDOC") regulations, but the forms were not returned so he was unable to appeal them.

Plaintiff seeks $150,000.00 in monetary damages and transfer to a correctional facility that provides care for AIDS-infected prisoners.[1] Defendant argues that because plaintiff failed to appeal his grievances with the VDOC, his claim must be dismissed. Defendant also argues that plaintiff has failed to state a claim upon which relief can be granted under the Eighth Amendment standard for adequate medical care because he provided no evi-

---

1. Plaintiff alleges that Powhatan Correctional Center, Bland Correctional Center, and Staunton Correctional Center all provide spe-cialized treatment for AIDS-infected patients and asks to be transferred to one of these facilities.

dence that the change in medication caused him harm.

## II.

■ In resolving a motion to dismiss, a court "presumes all factual allegations in the complaint to be true and accords all reasonable inferences to the non-moving party." *Sumner v. Tucker*, 9 F.Supp.2d 641, 642 (E.D.Va.1998) (citing 2A Moore's Federal Practice ¶ 12.07[2.5] (2d ed.1994)). *See also Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978). Additionally, *pro se* civil rights complaints must be construed more liberally than pleadings filed by lawyers. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). Therefore, the complaint survives a Rule 12(b)(6) motion unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam) (internal quotation omitted); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (holding 12(b)(6) motion should be denied unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations"). Plaintiff's claims must be examined through the lens of these principles.

■ Defendant argues that plaintiff's claim must be barred because he did not exhaust the administrative remedies available to VDOC inmates. The Prison Litigation Reform Act of 1996 ("PLRA") amended prior legislation that had only required "exhaustion of such plain, speedy, and effective administrative remedies as are available." 42 U.S.C. § 1997e(a)(1) (1994) (amended 1996). Under the PLRA, § 1997e(a) now requires that "[n]o action shall be brought with respect to prison conditions under section 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies *as are available* are exhausted." (emphasis added). By changing the language of § 1997e(a), Congress made it clear that

courts should focus on the availability of administrative remedies rather than evaluate their effectiveness. *See Langford v. Couch*, 50 F.Supp.2d 544, 546–47 (E.D.Va. 1999) (discussing Congressional intent in enacting § 1997e(a) and concluding that even if the available administrative grievance process cannot provide an effective remedy, an inmate must first file a grievance and be denied before filing a complaint in federal court).

■ Moreover, "a grievance procedure does not become unavailable simply because it is not effective to accomplish a specific purpose; availability does not entail or require effectiveness to achieve a particular end." *Id.* at 548. Even an ineffective grievance may achieve an acceptable result for the inmate. *Id.* at 549. In addition, requiring the inmate to go through the prison grievance procedure provides prison officials with notice of unacceptable conditions and gives them an opportunity to correct the problem without intervention of the courts. *Id.* This interpretation of the exhaustion requirement also serves to further the PLRA's avowed purpose of reducing frivolous lawsuits. *Id.* (quoting 141 Cong.Rec. S7498–01, S7526 (1995)). The proper focus, then, is on whether administrative remedies were available to the inmate prior to the filing of the federal complaint.

In the instant case, plaintiff avers that he attempted to use the administrative grievance procedure within the 30–day time limit, but the grievances were "placed in limbo" and he did not receive any response. Plaintiff states that he was unable to appeal because Department Operating Procedure 866–7.15(1) requires a written resolution of claims before the appeals process can be utilized. If plaintiff's factual allegations are true, then it is clear that he had exhausted his "available" administrative remedies as required by the PLRA. Therefore, the merits of plaintiff's claim must be considered to resolve defendant's Motion to Dismiss.

## III.

The Eighth Amendment protects against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin,* 77 F.3d 756, 761 (4th Cir.1996). "In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements—that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" *Shakka v. Smith,* 71 F.3d 162, 166 (4th Cir.1995) (quoting *Strickler v. Waters,* 989 F.2d 1375, 1379 (4th Cir.1993)) (internal quotations omitted).

It is well settled that prisoners are entitled to reasonable medical care and can sue prison officials under the Eighth Amendment if such care is inadequate. *Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). However, in order to establish that inadequate medical treatment rises to the level of a constitutional violation, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 105, 97 S.Ct. 285. *See also Staples v. Virginia Department of Corrections,* 904 F.Supp. 487, 492 (E.D.Va.1995).

Thus, plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must demonstrate a sufficiently serious medical need. *See, e.g., Cooper v. Dyke,* 814 F.2d 941, 945 (4th Cir.1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); *Loe v. Armistead,* 582 F.2d 1291, 1296 (4th Cir.1978) (determining that "excruciating pain" resulting from delayed treatment of a broken arm is sufficiently serious). Second, he must show deliberate indifference to that serious medical need.

For this second prong, an assertion of mere negligence or malpractice is not enough to constitute an Eighth Amendment violation. *Estelle,* 429 U.S. at 106, 97 S.Ct. 285; *Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Miltier v. Beorn,* 896 F.2d 848, 851–52 (4th Cir.1990). Nor does a prisoner's disagreement with medical personnel over the course of his treatment make out a cause of action. *Wright v. Collins,* 766 F.2d 841, 849 (4th Cir.1985); *Russell v. Sheffer,* 528 F.2d 318, 319 (4th Cir.1975) (per curiam); *Harris v. Murray,* 761 F.Supp. 409, 414 (E.D.Va.1990) (determining that a prisoner's disagreement with medical personnel's diagnosis and delay in treatment did not state a claim when the medical condition was "minor"). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier,* 896 F.2d at 851. However, the prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* at 852 (citations omitted).

Although HIV-positive inmates and inmates suffering from the AIDS virus clearly suffer from serious medical needs, the mere fact that the correctional facility fails to provide an inmate with prescribed medication on a timely basis is not sufficient to state a claim of deliberate indifference. *See Nolley v. County of Erie,* 776 F.Supp. 715, 740 (W.D.N.Y.1991) (holding that the occasional failure of the correctional facility to provide an inmate with her AZT medication did not violate the Eighth Amendment). As with all medical claims, the inmate must establish both the objective and subjective component set forth in *Estelle.* Thus, although withholding life-sustaining AIDS medication clearly is sufficiently objectively serious, the inmate also must establish that the defendant was subjectively deliberately indifferent. *Id.* (concluding that the failure to provide AZT to HIV-positive inmate was due to a negligent medication delivery system, and not to deliberate indifference on the part of medical personnel).

 Moreover, as long as there is a legitimate medical reason for a certain course of treatment, an inmate's disagreement with the treatment is not sufficient to state a claim. *See Perkins v. Kansas Dept. of Corrections,* 165 F.3d 803, 811 (10th Cir.1999). For example, in *Perkins,* prison officials' deliberate refusal to prescribe a protease inhibitor for plaintiff's HIV-positive condition was not considered to be deliberate indifference because plaintiff was receiving adequate treatment in the form of AIDS drugs AZT and 3TC. *Id.* In addition, even if the medical care is far from perfect, it is not actionable if the inmate suffered no ill effects. *See Burton v. Cameron County, Tex.,* 884 F.Supp. 234, 238–39 (S.D.Tex.1995) (rejecting prisoner with AIDS's claim that medical personnel's erratic treatment increased prisoner's risk of injury after prisoner's doctor testified that the delays in getting medication did not affect his physical or mental health). As with all medical claims, claims of inadequate treatment of HIV or AIDS must be analyzed with respect to all the surrounding facts and circumstances. Few circuit courts have addressed the issue of what precise level of medical care is necessary for the treatment of AIDS in prisons. For the most part, those district courts that have grappled with the issue have done so in unpublished opinions such as the following. *Compare Rivera v. Sheahan,* No. 97 C 2735, 1998 WL 531875, at * 5 & n. 6 (N.D.Ill. Aug.14, 1998) (allowing a claim to go forward based on the allegations that jail personnel failed to provide treatment for the inmate's AIDS until she became comatose in her cell); *Macomber v. Davis,* No. 92–6112, 1993 WL 79593, at * 3 (E.D.Pa. Mar.22, 1993) (allowing plaintiff's claim to go forward to allow plaintiff the opportunity to prove that refusal to provide Percoset in conjunction with AZT was deliberate indifference); *Lewis v. Prison Health Servs., Inc.,* No. 88–1247, 1988 WL 95082, at * 3 (E.D.Pa. Sept.13, 1988) (finding that an HIV-positive inmate stated a supportable Eighth Amendment claim, where he alleged that his disease was not monitored and his requests for treatment were ignored); *and Roe v. Fauver,* No. 88–1225, 1988 WL 106316, at * 2 (D.N.J. Oct.11, 1988) (denying the prison officials' motion for summary judgment, where the inmates alleged that sometimes they did not get their AZT at the correct time, sometimes they did not receive it at all, sometimes they were not given the correct dosages, and emphasizing that AZT was the only medication that proved successful in treating AIDS which was available at that time); *with Cloud v. Goldberg,* No. 98– 4250, 2000 WL 157159, at * 3 (E.D.Pa. Feb.14, 2000) (granting defendants' motion for summary judgment on the grounds that HIV-positive inmate had been monitored on a regular basis, was given prescription medication, and in general was provided adequate medical care even though inmate argued that he should have been given an alternative medication); *Nolley v. Lord,* no. 96 CIV. 1621, 1997 WL 698172, at * 5 (S.D.N.Y. Nov.10, 1997) (dismissing HIV-positive inmate's complaint on the grounds that the discontinuance of one inmate's medication for eight days did not amount to an Eighth Amendment violation, despite the inmate's claim that every day she did not receive her AZT "took days away from my life"); *and Carter v. Cash,* No. 92–CV–5526, 1995 WL 347028, at * 2 (E.D.N.Y. May 31, 1995) (holding that the correctional center physician's refusal to prescribe DDC and Interferon for an HIV-positive inmate did not constitute deliberate indifference because defendant had established that after consultation with other doctors, he treated the inmate with a combination of AZT, DDI, and acyclovir based on his medical judgment). The common thread throughout these cases is a careful evaluation of all the facts and circumstances surrounding the allegations@ of denial of proper medical care to determine whether the defendant acted with deliberate indifference or acted upon informed medical judgment, even if that judgment was in error.

 In the instant case, plaintiff avers that the switch in medication had no

medical purpose, caused serious side effects, and shortened his life. Considering the fact that AIDS is a fatal disease that only recently has been limited by aggressive new drug therapies, plaintiff's claims of harm are not outside the realm of possibility. Defendant, in his Motion to Dismiss, does not address the details of plaintiff's treatment other than to argue that plaintiff's allegations amount to nothing more than a claim of negligence, at best. However, plaintiff's allegation that defendant was motivated solely by cost considerations and not by an informed medical decision is sufficient to overcome a motion to dismiss.[2] Defendant's Motion to Dismiss therefore will be denied. Defendant will be directed to provide additional documentary evidence outlining defendant's treatment plan and the rationale behind changing plaintiff's AIDS medication, to give plaintiff access to all his medical records, and to verify whether there is a special facility for AIDS-infected prisoners, and if so, what criteria are used for determining when a prisoner is sent to that facility.

## IV.

For the foregoing reasons, plaintiff's Motion for Plaintiff's Institutional Medical Records will be granted, defendant's Motion to Dismiss will be denied, and defendant will be directed to provide the Court with additional information. An appropriate Order will issue.

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it hereby is **ORDERED** that:

1. Defendant's Motion to Dismiss is **DENIED;**

2. Plaintiff's Motion for Plaintiff's Institutional Medical Records is **GRANTED;**

3. Defendant is **DIRECTED** to arrange for plaintiff to review his entire institutional medical record within thirty (30) days of the date of this Order. Defendant may provide this access either by giving plaintiff copies of the medical record or by arranging for plaintiff to have sufficient time and opportunity to review his medical record and make copies of relevant pages as needed; and

4. Defendant is **DIRECTED** to provide the Court with: (a) documentary evidence outlining his treatment plan for plaintiff; (b) his rationale behind changing plaintiff's AIDS medication; and (c) information about the availability of a special facility for AIDS-infected prisoners as described in the accompanying Memorandum Opinion, within thirty (30) days of the date of this Order.

The Clerk is **DIRECTED** to send a copy of this Order to plaintiff and counsel of record for defendant.

2. While inmates are entitled to adequate medical care under the Eighth Amendment, they are not entitled to the best and most expensive form of treatment. *See, e.g., Hawley v. Evans,* 716 F.Supp. 601 (N.D.Ga.1989) (concluding that inmates have no constitutional right to private physicians or experimental drugs, even if they are willing to pay for the services themselves). It is an unfortunate fact of modern life that cost considerations must enter into the equation for virtually every person seeking medical treatment, not just inmates. We note that the Eighth Amendment does not forbid prison officials from considering cost in determining the appropriate course of treatment so long as the treatment does not put the prisoner at risk of serious injury and the decision was not made with deliberate indifference. It only becomes unacceptable if prison officials make health care decisions *solely* upon *cost considerations* without any medical rationale.