IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40276
Summary Calendar
_____

WOODIE SORRELLS,

Plaintiff-Appellant,

versus

DELTON W. ATWOOD, Captain, Beto I; JEFFREY S. RICHARDSON,
Lieutenant, Beto I; GILBERT L. ENNIS, Lieutenant, Beto I; NEAL D.
WEBB, Warden, Beto I; TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Beto
I; UTMB CORRECTIONAL MANAGEMENT HEALTHCARE; MICHAEL KELLY;
UNKNOWN MCDANIEL, Lieutenant; C. BISCOE; W. M. DELA ROSA; ELSIE
KITCHENS; KENNETH LOVE, DR.; STEVEN HURTS; ALLAN WESTMORELAND,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CV-428
--------------------
August 1, 2002

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Woodie Sorrells, Texas prisoner # 801754, appeals the
magistrate judge's dismissal of his 42 U.S.C. § 1983 suit as
frivolous and for failure to state a claim. Our review of
Sorrells' amended complaint and testimony at the Spears v.
McCotter, 766 F.2d 179 (5th Cir. 1985), hearing show that he

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

alleged that he is HIV positive, that he was prescribed Crixivan and other medication for his condition, that he was supposed to take his medication three times a day.

Without delving into the specifics of Sorrells' claims against each defendant, the record shows that he alleged that the defendants Atwood and Ennis either prevented or delayed Sorrells from getting his medication on one occasion; that McDaniel prevented him from getting his morning dose of medication for 11 or 12 days; that Richardson failed to ensure that Sorrells got his medication on several occasions;[**] that Nurse Elsie Kitchens and Dr. Kenneth Love failed to ensure that Sorrells got his medication as prescribed; that Kitchens' and Love's changing of Sorrells' drug regimen to two times a day was done for prison convenience and not his health; that Webb, Biscoe, and DelaRosa failed to either investigate or respond adequately to grievances about Sorrells not getting his medication; and that Kelly, Hurts, and Westmoreland failed to either investigate or respond adequately to complaints about him not getting his medication.

It cannot be determined from the record whether missing one dose of medication or one of three daily doses of Sorrells' medication for 11 or 12 consecutive days posed a serious risk of

---

[**] We note that the magistrate judge misconstrued the claims against McDaniel and Richardson and did not address Sorrells' claims that 1) McDaniel prevented Sorrells from getting his morning does of medication for 11 days in February 2000 and 2) Sorrells missed his dose of medication on several occasions during Richardson's shift.

harm; whether the defendants were aware of that risk or whether the risk was obvious; and whether the defendants' alleged actions preventing Sorrells from getting the medication constituted a conscious disregard of that risk. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991); Harris v. Heggmann, 198 F.3d 153, 159 (5th Cir. 1999); Hall v. Thomas, 190 F.3d 693, 697-98 (5th Cir. 1999); Whitley v. Hunt, 158 F.3d 882, 887-88 (5th Cir. 1998). Nor can it be determined from the record whether the claims against Kitchens, Love, Webb, Biscoe, DelaRosa, Kelly, Hurts, or Westmoreland are without arguable merit. See Harris, 198 F.3d at 159; Hall, 190 F.3d at 697-98; see also Smith v. Brenoettsy, 158 F.3d 908, 911-12 (5th Cir. 1998). The magistrate judge's dismissal of Sorrells' claims, based upon the current record, was an abuse of discretion.

Though this court has not yet addressed the issue of a HIV positive prisoner alleging that he was prevented from getting his medication as prescribed or that his drug regimen was changed without consideration to his health, we note that several courts have addressed the issue. See Evans v. Bonner, 196 F. Supp. 2d 252 (E.D.N.Y. 2002) (citing several other district court cases); Taylor v. Barnett, 105 F. Supp. 2d 483 (D.C. Va. 2000); Sullivan v. County of Pierce, 216 F.3d 1084, 2000 WL 432368 (9th Cir. 2000) (unpublished); Owens v. O'Dea, 149 F.3d 1184, 1998 WL 344063 (6th Cir. 1998) (unpublished).

Sorrells' motion for the appointment of counsel is DENIED.
The magistrate judge's dismissal of Sorrells' § 1983 claims is
VACATED, and this case is REMANDED for further proceedings.