

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-29-2005

# Jackson v. Gordon

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2005

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Jackson v. Gordon" (2005). *2005 Decisions.* Paper 647.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/647

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-2005
_____

RYSHEEN A. JACKSON,

Appellant

v.

MARGARET GORDON, Chief State Dietitian
at Department of Corrections; TERESA LAW,
Health Care Administrator of the Correctional
Institution at Camp Hill; MARTIN LASKEY, Medical
Director at the SCI Camp Hill; COLLEEN NEWFIELD,
Chief Physician Assistant at SCI Camp Hill;
WILLIAM HARRIS, Food Service Manager at SCI Camp Hill;
THOMAS JAMES, Chief Grievance Coordinator at the
Department of Corrections; SHARON BURKS, Acting Chief
Grievance Coordinator of the Department of Corrections;
DONALD KELCHNER, Superintendent of SCI at Camp Hill;
MS. MAGEE, Food Service Manager at SCI Camp Hill

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-01725)
District Judge: Honorable James M. Munley
_____

Submitted Under Third Circuit LAR 34.1(a)
August 12, 2005

Before: RENDELL, AMBRO AND FUENTES, CIRCUIT JUDGES

(Filed August 29, 2005)

_____

OPINION

_____

PER CURIAM

Appellant, Rysheen A. Jackson, an inmate at SCI-Camp Hill, sued medical and other corrections officials. In his Complaint and an amendment construed by the District Court as a Supplemental Complaint, Jackson claimed that his First Amendment rights were violated when defendants Gordon, Kelchner, Law, Lasky, and Harris conspired to and did suspend his therapeutic diet in retaliation for grievances he filed, and defendants Burks and James dismissed his grievance after being put on notice of a conspiracy among Gordon, Kelchner, Law, Lasky, and Harris to retaliate against him because he had filed grievances. He also claimed that his Fourteenth Amendment rights were violated when defendants Gordon, Law, Lasky, Newfield, and Harris denied him a therapeutic diet; Kelchner failed to act to provide him with a therapeutic diet; and Burks and James dismissed his grievance after being put on notice of a conspiracy to retaliate against him because he had filed grievances. Jackson contended that he suffered Eighth Amendment violations because Gordon, Law, Lasky, Newfield, and Harris interfered with his therapeutic diet and Kelchner failed to prevent their actions. Jackson additionally brought state tort claims for medical malpractice and negligence against Gordon, Law, Lasky, Newfield, and Kelchner.

2

The District Court granted a motion to dismiss or, in the alternative, for summary judgment filed on behalf of Lasky and Newfield[1], as well as the motion to dismiss filed by Gordon, Law, Harris, James, Burks, Kelchner, and Magee.[2]  Because the District Court had construed Jackson's "Amended Complaint" as a Supplement to the Complaint,[3] the District Court denied a motion to dismiss the amended complaint filed by Gordon, Law, Harris, James, Burks, Kelchner, and Magee.  The District Court also denied Jackson's motions for a TRO and a preliminary injunction, for supplemental pleading, and for appointment of counsel.  Jackson appeals.  He also moves for sanctions and moves to strike Newfield and Lasky's brief on the ground that he received the brief past the filing deadline.

Upon review of the record, we conclude that the District Court did not abuse its discretion by denying Jackson's motions for a TRO and preliminary injunction, his motion for supplemental pleading, and his motion for appointment of counsel.  Although the District Court correctly analyzed most counts of the Complaint, the Court erred in

---

[1]Jackson's argument that he did not have notice that the District Court was going to treat Lasky and Newfield's motion as a motion for summary judgment is of no moment. The motion was labeled as a motion, in the alternative, for summary judgment and accompanied by many pages of exhibits.  In addition, Jackson had an opportunity to present evidence in opposition to the motion.

[2]Jackson does not contest the dismissal of Eloise Magee.  *See* Appellant's Brief at 29.

[3] Jackson contends that the District Court's decision to construe his "Amended Complaint" as a supplement to the Complaint was error, but we disagree.  Had Jackson's "Amended Complaint" supplanted instead of supplemented his Complaint, he would have lost all but his one paragraph claim (labeled ¶ 63) against Burks and James.

dismissing an Eighth Amendment claim, and failed to consider Jackson's First Amendment retaliation claim. Jackson's state law claims, dismissed pursuant to 28 U.S.C. § 1367(c), must be reinstated because some of his federal claims will be reinstated. *See Gruenke v. Seip*, 225 F.3d 290, 308 (3d Cir. 2000). Therefore, the District Court's order will be affirmed in part and vacated in part.

A.    Eighth Amendment Claims

For the reasons stated on pages 6-11 and 13-14 of the District Court's Memorandum, Lasky and Newfield's motion for summary judgment was properly granted on the Eighth Amendment claims of cruel and unusual punishment and deliberate indifference to serious medical needs. Similarly, and for the reasons stated on page 14 of the District Court's Memorandum, the motion to dismiss the Eighth Amendment claim of deliberate indifference to serious medical needs was properly granted in favor of Gordon, Law, and Kelchner.[4]

However, the District Court erred in dismissing the Eighth Amendment claim of cruel and unusual punishment against Gordon, Law, Harris, and Kelchner for failure to state a claim.[5] If all reasonable inferences are taken in Jackson's favor, he states an

---

[4]As Jackson notes, he did not sue Harris or Magee for deliberate indifference in violation of the Eighth Amendment. *See* Appellant's Brief at 20.

[5]It does not appear that Jackson ever brought a claim of cruel and unusual punishment against Magee. Even if he did, in addition to generally agreeing to the dismissal of Magee, he specifically does not contest the portion of the District Court's order dismissing that claim against her. *See* Appellant's Brief at 21.

4

Eighth Amendment claim against these defendants. Jackson alleged that he is severely lactose intolerant and allergic to eggs, that he was given "inadequate meals," that "in order for [him] to eat food, he has to get food from other inmates via a 'transportation device,' which is disgusting and unsanitary," that "this denial of a therapeutic diet is taking a serious toll on his health," and that he suffers "constant hunger" from the "lack of proper nutrition." *See* Complaint at ¶¶ 14, 17, 33, 35, 51, 52. *See also id.* at ¶¶ 50, 53 (implying that Jackson does not receive a "proper or adequate" diet).

B.      Fourteenth Amendment Claims

The District Court failed to consider whether Gordon, Law, Lasky, and Newfield had a legitimate reason rationally related to state interests to deny Jackson his therapeutic diet. The Equal Protection Clause of the Fourteenth Amendment commands that similarly situated persons be treated alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyer v. Doe,* 457 U.S. 202, 216 (1982)). An equal protection claim can be brought by a "class of one," a plaintiff alleging that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *See Willowbrook v. Olech,* 528 U.S. 562, 564 (2000). If a distinction between persons does not implicate a suspect or quasi-suspect class, state action will be upheld if it is rationally related to a legitimate state interest. *See Tillman v. Lebanon County Corr. Facility*, 221 F.3d 410, 423 (3d Cir. 2000). The District Court concluded that "the claim advanced by Plaintiff is that he, as an individual, not

5

based upon membership in a particular class, was treated unfairly with respect to his request for a special diet." *See* District Court Memorandum at 17. The District Court accurately characterizes Jackson's allegations as to Kelchner. *See* Complaint at ¶ 62. However, Jackson specifically alleged that Gordon, Law, Lasky, and Newfield denied him a needed therapeutic diet because he was a vegetarian. *See id.* at ¶ 56. Although vegetarians are not a suspect or quasi-suspect class, the District Court is still obligated to consider whether the prison had a rational basis for denying Jackson's diet because he is a vegetarian.

The District Court also did not evaluate Jackson's Fourteenth Amendment due process claim against Gordon, Law, Lasky, and Harris, the merits of which we do not consider. Jackson alleges that the failure of these Defendants to provide him an adequate therapeutic diet in compliance with prison regulations and state law "constituted a denial of the plaintiffs' [sic] liberty interest in violation of the Fourteenth Amendment to the United States Constitution." *See* Complaint at ¶ 60. However, the District Court did consider and correctly rule on Jackson's Fourteenth Amendment due process claim against Burks and James. Jackson contended that Burks violated Jackson's right to due process of law when she incorrectly dismissed Jackson's grievance as untimely even though Jackson had complied with prison regulations and state law, and that James violated Jackson's right to due process when he did not correct her error. *See* Complaint at ¶¶ 40-43, 63; "Amended Complaint" at ¶ 63. As the District Court stated, prison

inmates do not have a constitutionally protected right to a grievance process. *See*

*McGuire v. Forr*, No. 94-6884, c, *2 (E.D. Pa. Mar. 21, 1996), *aff'd* 101 F.3d 691 (3d

Cir. 1996). Therefore, Jackson failed to state a due process claim against Burks and

James.[6]

C.    Conspiracy Claims

To the extent that Jackson alleged a conspiracy (and he maintains on appeal that he

did so), the District Court correctly dismissed his claims for failure to state a cause of

action. Civil rights conspiracy claims that are based only on suspicion and speculation

instead of fact do not state a claim. *See Young v. Kahn*, 926 F.2d 1396, 1405 (3d Cir.

---

[6] Jackson asserts that he does not raise a First Amendment access to the courts claim based on the rejection of his grievance. *See* Appellant's Reply Brief at 8. He worries, nonetheless, that prison officials rejected his grievance to preserve the defense of failure to exhaust administrative remedies. If Burks and James interfered with Jackson's ability to file administrative grievances, Jackson may still have satisfied the exhaustion requirement, provided that he took advantage of all administrative remedies available to him. *See Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002); *Taylor v. Barnett*, 105 F. Supp. 2d 483, 486 (E.D. Va. 2000). On the present record, the District Court could not grant summary judgment in favor of Lasky and Newfield based on failure to exhaust, and we cannot use the affirmative defense as an alternative ground to affirm the judgment in favor of those defendants. Lasky and Newfield argued that Jackson failed to exhaust his administrative remedies because his final appeal of grievance no. 48852 was dismissed as untimely. They submitted a letter from Burks rejecting the final appeal as untimely. *See* Lasky and Newfield's Motion to Dismiss, or in the alternative, for Summary Judgment, Exhibit D. However, they also submitted a letter from another person in Burks' office that acknowledges an earlier receipt of Jackson's final appeal without attachments, and that grants Jackson an extension of time "for filing [an] appeal[] to final review." *See id.* Jackson filed what appears to be a complete packet of attachments within the additional time period he was afforded. *See id. See also id.* at Exhibit C, p. 9 (DC-ADM 804(D)(1)(h)). Although the parties and the District Court may wish to revisit this issue on remand, the evidence presently is insufficient to provide an alternative basis for affirmance by this Court.

1991). Furthermore, actionable conspiracy claims pursuant to 42 U.S.C. § 1985(3) must include an allegation that the conspiracy was motivated by race or class-based invidious discrimination. *See Griffin v. Breckenridge*, 403 U.S. 88, 102-103 (1971). Jackson relies solely on subjective suspicions and unsupported speculation. *See, e.g.,* Complaint at ¶¶ 47, 55-58. In addition, as Jackson concedes, *see* Appellant's Brief at 26, he did not allege race- or class-based animus sufficient to state a claim under 42 U.S.C. § 1985(3).

D. First Amendment Claim

Jackson asserted that Gordon, Kelchner, Law, Lasky, Newfield, and Harris suspended his therapeutic diet in retaliation for grievances he filed, in violation of his rights under the First Amendment. *See* Complaint at ¶¶ 50-51, 55. The District Court erred in failing to consider this claim.

\* \* \*

In conclusion, for the reasons stated above, the District Court's order will be affirmed in part and vacated in part. The order will be vacated to the extent that it dismissed the First Amendment retaliation claim against Gordon, Kelchner, Law, Lasky, Newfield, and Harris, the Fourteenth Amendment due process claim against Gordon, Law, Lasky, and Harris, the Fourteenth Amendment equal protection claim against Gordon, Law, Lasky, and Newfield, the Eighth Amendment cruel and unusual punishment claim against Gordon, Law, Harris, and Kelchner, and Jackson's state law claims. In all other respects, the District Court's order will be affirmed. Jackson's

8

motion for sanctions and his motion to strike Newfield and Lasky's brief are denied.