BLD-138                                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4608
_____

RYSHEEN A. JACKSON,

Appellant

v.

MARGARET GORDON, Chief State Dietitian at Department of
Corrections; TERESA LAW, Health Care Administrator of the Correctional
Institution at Camp Hill; MARTIN LASKEY, Medical Director at the
SCI Camp Hill; COLLEEN NEWFIELD, Chief Physician Assistant at SCI
Camp Hill; WILLIAM HARRIS, Food Service Manager at SCI Camp
Hill; THOMAS JAMES, Chief Grievance Coordinator at the Department
of Corrections; SHARON BURKS, Acting Chief Grievance Coordinator
of the Department of Corrections; DONALD KELCHNER, Superintendent of
SCI at Camp Hill; MS. MAGEE, Food Service Manager of SCI Camp Hill

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-01725)
District Judge:  Honorable James M. Munley

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 15, 2012
Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Opinion filed:  April 6, 2012)
_____

OPINION
_____

1

PER CURIAM

Rysheen A. Jackson appeals pro se from the orders of the District Court denying his motion for a temporary restraining order ("TRO") or preliminary injunction and his motion for reconsideration of that ruling. We will affirm.

I.

Jackson filed a civil rights complaint in 2003 while he was an inmate at SCI-Camp Hill. He asserted numerous claims against the Pennsylvania Department of Corrections Central Office Dietitian, as well as numerous SCI-Camp Hill employees, arising from defendants' alleged refusal to provide him with a therapeutic diet (i.e., a vegetarian diet free of lactose and eggs that he claims to require because of allergies). Jackson also filed a motion for a TRO or preliminary injunction seeking immediate provision of that diet.

The District Court denied the motion and dismissed Jackson's claims in 2004. In 2005, we affirmed the denial of Jackson's motion for an injunction but remanded for further proceedings on certain of his claims. See Jackson v. Gordon, 145 F. App'x 774, 776 (3d Cir. 2005). Following our remand, Jackson filed a motion to stay proceedings in the District Court pending his petition for a writ of certiorari. The District Court granted Jackson's motion for a stay. The Supreme Court denied certiorari in 2006.

Nothing further transpired in this matter until Jackson filed a motion to reopen in 2011. Jackson, who had since been transferred to SCI-Huntingdon, asserted that SCI-Huntingdon personnel had refused to let him store legal materials pertaining to this action in his cell on the ground that the action was closed. He also filed another motion for a TRO or preliminary injunction seeking an order directing SCI-Huntingdon personnel

(who are not named in this action) to provide him with (1) his legal materials, and (2) the therapeutic diet. The District Court reopened the matter and directed defendants to respond, which they did. The District Court then denied the motion on September 30, 2011. Jackson filed a motion for reconsideration, which the District Court denied on November 18, 2011. The action remains ongoing in the District Court. Jackson appeals.[1]

II.

Jackson challenges the denial of both aspects of his motion, but we perceive no reversible error. First, with respect to Jackson's legal materials, the District Court denied his request on the ground that none of the SCI-Huntingdon employees named in Jackson's motion are named parties to this action, which concerns events at SCI-Camp Hill. Jackson argues that the District Court's power to enjoin is not limited to parties under Fed. R. Civ. P. 65(d)(2). That rule provides that injunctions bind both named parties and those related to them in certain respects, such as their officers and agents and those in privity. See Marshak v. Treadwell, 595 F.3d 478, 486 (3d Cir. 2009). Employees of SCI-Huntingdon, however, are not in privity with or otherwise related to employees of SCI-Camp Hill for these purposes. Indeed, a prisoner's transfer from one prison to another generally moots any equitable claims pending against employees of the former prison. See Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003). In addition, Jackson's allegations against employees of SCI-Huntingdon are not related to his

---

[1] Jackson styled his notice of appeal as an application for permission to appeal, but permission is not necessary to invoke our jurisdiction to review the denial of an injunction. See 28 U.S.C. § 1292(a)(1). We review for abuse of discretion both the denial of a preliminary injunction, see Brown v. City of Pittsburgh, 586 F.3d 263, 268 (3d Cir. 2009), and the denial of reconsideration, see Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).

underlying claims in this action. To the contrary, Jackson has filed a separate action against SCI-Huntingdon employees in which he alleges the same deprivation of legal materials and also seeks injunctive relief. Jackson v. Morrison, M.D. Pa. Civ. No. 11-cv-01791. His claims in that regard are more appropriately addressed in that action.

Second, Jackson argues that the District Court did not address his renewed request for an injunction regarding therapeutic meals. Any error in that regard was harmless, however, because there was no basis to grant injunctive relief. See 28 U.S.C. § 2111. We affirmed the denial of Jackson's request for therapeutic meals in 2005. Assuming without deciding that his claims against the Central Office Dietitian survive his prison transfer, Jackson has not shown that injunctive relief is any more appropriate now than it was then. To the contrary, the correction defendants argued that Jackson has gone almost eight years without the therapeutic diet he claims to need, and they attached evidence that he has suffered no adverse consequences and that there is no medical basis for the diet. Jackson has not meaningfully rebutted that showing. He argues that his situation recently became worse because he has again been transferred to a restrictive housing unit and can no longer supplement his meals. Jackson, however, alleged that he was in that same situation when we affirmed the denial of his last motion in 2005. If anything, Jackson made a stronger showing in support of that motion than he has in support of this one.

For these reasons, we will affirm the judgment of the District Court.